IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAM TRANSPORTATION, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 11-253-LPS |
| | : | |
| HARLEYSVILLE MUTUAL | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM ORDER

At Wilmington this 28th day of March, 2012:

Pending before the Court is a Motion to Dismiss filed by defendant Harleysville Mutual

Insurance Company ("Harleysville" or "Defendant"). (D.I. 3) For the reasons discussed below,

the Court will grant Defendant's Motion to Dismiss.

## I.    BACKGROUND[1]

### A.    Factual Background

This is an action arising from a dispute over whether coverage is owned under

Defendants' Deluxe Business Owners Policy, policy number BO1-5J0386 (the "Policy"), for a

business income loss sustained by JAM Transportation, Inc. ("JAM" or "Plaintiff"). Harleysville

issued the Policy, with effective dates of July 15, 2005 to July 15, 2006, to JAM, as a named

insured. (D.I. 1, Ex. 1 at ¶ 5) The Policy provides coverage for loss of "Business Income"

---

[1]On a motion to dismiss, the Court must accept all factual allegations contained in the
complaint as true and draw all reasonable inferences in favor of the non-moving party. *See
Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).

pursuant to the following terms:

> We will pay for the actual loss of Business Income you sustain due
> to the necessary suspension of your 'operations' during the 'period
> of restoration.' The suspension must be caused by direct physical
> loss of or damage to property at the described premises, including
> personal property in the open (or in a vehicle) within 100 feet,
> caused by or resulting from any Covered Cause of Loss.

(*Id.* at ¶ 9) The Policy defines Business Income as: "(1) Net Income (Net Profit or Loss before

income taxes) that would have been earned or incurred; and (2) [c]ontinuing normal operating

expenses incurred, including payroll." (*Id.* at ¶ 10) Additionally, the Policy provides that "no

one may bring a legal action against [Harleysville] under this insurance unless . . . [t]he action is

brought within 2 years after the date on which the direct physical loss or damage occurred." (D.I.

3, Ex. 2 at 11)

On May 7, 2006, an explosion occurred at a tank cleaning and heating facility adjacent to

the business premises owned by JAM in North Charleston, South Carolina. (D.I. 1, Ex. 1 at ¶ 14)

The explosion contaminated JAM's business premises, rendered JAM's equipment and property

unusable during the environmental remediation and clean up period, and caused interruption and

suspension of JAM's business operations. (*Id.* at ¶¶ 15-16) JAM alleges that, as a result of the

explosion, it suffered a substantial loss of business income. (*Id.* at ¶ 17)

## B.    Procedural History

JAM commenced this insurance coverage action in Delaware Superior Court on January

28, 2011. (*See* D.I. 1, Ex. 1 and, hereinafter, "Complaint") In its Complaint, JAM asserts the

following causes of action against Defendant: (1) declaratory judgment; (2) breach of contract;

(3) bad faith breach of contract; and (4) consumer fraud. (*Id.*)

2

On March 25, 2011, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441. (D.I. 1) Subsequently, on April 1, 2011, Defendants filed the pending Motion to Dismiss. (D.I. 3) The parties completed briefing on this motion on May 13, 2011.

## II. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly,* 127 S. Ct. at 1974. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The Court is not obligated to

3

accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## III. DISCUSSION

As an initial matter, Defendant asserts that all of JAM's claims are barred by the Policy's two-year contractual limitations period. (D.I. 3, Ex. 4 at 1) In response, JAM asserts that Defendant is estopped from invoking the contractual limitations period and that Defendant waived the contractual limitations period. (D.I. 9 at 9-11) In order to support its waiver and estoppel arguments, JAM asks the Court to consider various documents outside the Complaint. (*See* D.I. 9 at 6-8 (listing various letters exchanged between Plaintiff and Harleysville employees)) JAM contends that the Court can consider these documents because JAM relied on these documents in framing its Complaint. (D.I. 9 at 5)

In the Third Circuit, on a motion to dismiss, "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004). Here, the Policy is explicitly relied on in the Complaint; indeed, various portions of the Policy are quoted at length in the Complaint. (*See* D.I. 1, Ex. 1 at ¶¶ 6, 9-12) Thus, the Court can rely on the Policy in deciding the pending Motion to Dismiss. However, the other documents that Plaintiff contends it relied on in framing the Complaint are not explicitly relied on nor referenced in the

4

Complaint. Nor does the Court deem these documents to be integral to the Complaint. Thus, for purposes of the pending Motion to Dismiss, the Court will not consider any documents outside of the Complaint other than the Policy.

It is evident from a review of the Complaint and the Policy that the two-year contractual limitations period bars Plaintiff's claims. The Policy explicitly states that no action under the Policy may be brought unless such "action is brought within 2 years after the date on which the direct physical loss or damage occurred." (D.I. 3, Ex. 2 at 11) The undisputed date of loss is May 7, 2006. (D.I. 1, Ex. 1 at ¶ 13) Therefore, any claim must have been filed no later than May 7, 2008. JAM did not file its lawsuit until January 28, 2011. Thus, on its face, JAM's lawsuit is time-barred by the contractual limitations period in the Policy. Accordingly, the Court will grant Defendant's Motion to Dismiss. *See Oshiver*, 38 F.3d at 1385 n.1 (noting that statute of limitations dispute can only be resolved on motion to dismiss if it is clear from face of complaint that statute of limitations bars claim); *see also Ratkovich v. Hartford Life & Accident Ins. Co.*, 2010 WL 3283628, at *3 (W.D. Pa. Aug. 17, 2010) (granting motion to dismiss where it was clear from complaint that claim was barred by contractual limitations period).

Although JAM raises the defenses of waiver and estoppel in its brief, there is no mention of or anything to support these defenses in the Complaint or the Policy. However, the Court will give Plaintiff leave to amend the Complaint, as the facts suggest that Plaintiff may be able to raise a valid defense to the contractual limitations period. "[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir.

5

2008).[2]

## IV. **CONCLUSION**

For the above reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss

is **GRANTED**. Plaintiff is given leave to amend the Complaint. Plaintiff must file an Amended

Complaint, if any, within twenty-one (21) days form the date of this Memorandum Order.

Failure to file an Amended Complaint within this time-frame will result in dismissal of the

Complaint with prejudice.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Because the Court has determined that Defendant's Motion to Dismiss should be granted
on contractual limitations grounds, the Court will not address Defendant's other arguments.