## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| JAM TRANSPORTATION INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 11-253-LPS |
| | : | |
| HARLEYSVILLE MUTUAL | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this 9th day of April, 2013:

Following the Court's March 28, 2012 ruling (D.I. 13), Plaintiff, JAM Transportation,

Inc. ("JAM" or "Plaintiff"), filed an Amended Complaint (D.I. 14). Thereafter, Defendant

Harleysville Mutual Insurance Company ("Harleysville" or "Defendant") moved to dismiss the

Amended Complaint. (D.I. 15) For the reasons discussed below, Defendant's motion to dismiss

(D.I. 15) is DENIED.

## I. BACKGROUND

### A. Factual background

The Court repeats the pertinent factual background it provided in its order reviewing the

earlier motion to dismiss:

> This is an action arising from a dispute over whether
> coverage is owed under Defendant's Deluxe Business Owners
> Policy, policy number BO1–5J0386 (the "Policy"), for a business
> income loss sustained by JAM Transportation, Inc. ("JAM" or
> "Plaintiff"). Harleysville issued the Policy, with effective dates of
> July 15, 2005 to July 15, 2006, to JAM, as a named insured. (D.I.
> 1, Ex. 1 at ¶ 5) The Policy provides coverage for loss of "Business

1

Income" pursuant to the following terms:

> "We will pay for the actual loss of Business Income
> you sustain due to the necessary suspension of your
> 'operations' during the 'period of restoration.' The
> suspension must be caused by direct physical loss of
> or damage to property at the described premises,
> including personal property in the open (or in a
> vehicle) within 100 feet, caused by or resulting from
> any Covered Cause of Loss." (*Id.* at ¶ 9)

> The Policy defines Business Income as: "(1) Net Income
> (Net Profit or Loss before income taxes) that would have been
> earned or incurred; and (2) [c]ontinuing normal operating expenses
> incurred, including payroll." (*Id.* at ¶ 10) Additionally, the Policy
> provides that "no one may bring a legal action against
> [Harleysville] under this insurance unless . . . [t]he action is
> brought within 2 years after the date on which the direct physical
> loss or damage occurred." (D.I. 3, Ex. 2 at 11)

> On May 7, 2006, an explosion occurred at a tank cleaning
> and heating facility adjacent to the business premises owned by
> JAM in North Charleston, South Carolina. (D.I. 1, Ex. 1 at ¶ 14)
> The explosion contaminated JAM's business premises, rendered
> JAM's equipment and property unusable during the environmental
> remediation and clean up period, and caused interruption and
> suspension of JAM's business operations. ( *Id.* at ¶¶ 15–16) JAM
> alleges that, as a result of the explosion, it suffered a substantial
> loss of business income. (*Id.* at ¶ 17)

(D.I. 13 at 1-2)

Between the time of the accident on May 7, 2006 and the filing of this lawsuit on January

28, 2011, Plaintiff and Defendant exchanged a number of communications regarding Plaintiff's

insurance claim. (D.I. 14 Ex. A–O) Some of these exchanges occurred prior to the expiration of

the two-year contractual limitations period, while some occurred after the expiration of that

period. One letter sent in January 2009 mentioned a statutory (but not contractual) limitation

period for Plaintiff to file suit. (*See id.* Ex. M) That letter was sent after the contractual

2

limitation period would have closed.

## B. Procedural Background

JAM commenced this insurance coverage action in Delaware Superior Court on January 28, 2011. (*See* D.I. 1 Ex. 1) ("Complaint") In its Complaint, JAM asserted the following causes of action against Defendant: (1) declaratory judgment; (2) breach of contract; (3) bad faith breach of contract; and (4) consumer fraud. On March 25, 2011, Defendant removed the case to this Court pursuant to 28 U.S.C. §§1332(a) and 1441. Subsequently, on April 1, 2011, Defendants filed a Motion to Dismiss. (D.I. 3) This Court granted the motion based on the contractual limitations period and Plaintiff's failure to plead facts that could support estoppel or waiver of Defendant's right to assert the contractual limitations period as a defense. (D.I. 13) The Court granted Plaintiff leave to amend the complaint, which it did. (D.I. 13, 14) On April 18, 2012, Plaintiff filed the Amended Complaint, asserting the same causes of action as the original Complaint (D.I. 14 ¶¶ 28–43 at 12–16) and adding factual support for estoppel and waiver (*see id.* ¶¶ 24–27 at 5–12 Ex. A–O). Defendant filed the pending motion to dismiss on May 2, 2012. (D.I. 15)

## II. LEGAL STANDARDS

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, courts conduct a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, courts separate the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. This first step requires courts to draw all reasonable inferences in favor of the non-moving party. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 500 (3d Cir. 2000). However, the Court is not obligated to accept as

3

true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Second, courts determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is a context-specific determination, requiring the court "to draw on its judicial experience and common sense." *Id.* at 679. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks omitted).

## III. DISCUSSION

Defendant asserts that all of JAM's claims are barred by the Policy's two-year contractual limitations period. (D.I. 15 at 1). The two-year contractual limitations period bars Plaintiff's suit

4

unless Defendant is estopped from raising or waived the defense.[1] JAM contends that the
correspondence exchanged between the parties during and after the contractual limitations period
provides a basis for JAM to adequately plead estoppel and waiver. (D.I. 18; *see also* D.I. 14 ¶ 24
at 5-11) The Court agrees.

## A.    Estoppel

To establish estoppel, Plaintiff must show that Defendant misled the Plaintiff in regards
to whether the contractual limitations period would be enforced, and that Plaintiff relied on the
misrepresentation to its detriment. *See Brandywine One Hundred Corp. v. Hartford Fire Ins.,
Co.*, 405 F. Supp. 147, 151 (D. Del. 1975) (citing *Gribble v. Royal Ins., Co.*, 165 A.2d 443, 446
(Del. Supr. 1960)).  Plaintiff has adequately pled these elements of estoppel. As Plaintiff
observes, Defendant's January 13, 2009 letter mentions only the three-year *statutory* limitations
period, stating: "[I]t is my duty to inform you that the statute of limitations will expire for this
claim as of May 6, 2009." (D.I. 18 Ex. M)  From this allegation, a reasonable inferences may be
drawn both that Defendant did not intend to assert a contractual limitations defense and that
Plaintiff relied on this implicit representation in refraining from filing suit earlier.

Plaintiff also pleads allegations relating to other letters, from which it may be reasonably
inferred that Defendant intended Plaintiff to refrain from filing suit in order to provide Defendant
additional time to investigate Plaintiff's claim. (*See, e.g.*, D.I. 14 Ex.5) (Defendant's July 23,

---

[1]"It is evident . . . that the two-year contractual limitation period bars Plaintiff's claims.
The Policy explicitly states that no action brought under the Policy may be brought unless such
'action is brought within 2 years after the date on which the direct physical loss or damage
occurred.' The undisputed date of loss is May 7, 2006. Therefore, any claim must have been
filed no later May 7, 2008. JAM did not file its lawsuit until January 28, 2011. Thus, on its face,
JAM's lawsuit is time-barred by the contractual limitations period in the Policy." (D.I. 13 at 5)
(internal citations omitted)

5

2007 letter, stating: "We have forwarded the information you sent us to a forensic accounting firm for their review. Upon completion of their review they will furnish us the information needed to settle the claim. We will contact you as soon as this is [*sic*] report is received."). Additionally, as Plaintiff observes, Defendant allowed significant time to lapse between communications and reopened the claim even after the expiration of the contractual limitations period. (*See, e.g.*, D.I. 18 at 5-6) These allegations, again, support the adequacy of Plaintiff's pleading of estoppel. The Court cannot say that it is unreasonable to believe that discovery will yield evidence to support Plaintiff's contention.

**B.    Waiver**

"Waiver is the voluntary and intentional relinquishment of a known right. It implies knowledge of all material facts and an intent to waive, together with a willingness to refrain from enforcing those contractual rights. The facts relied upon to prove waiver must be unequivocal." *AeroGlobal Capital Management, LLC v. Cirrus Indus.*, 871 A.2d 428, 444 (Del. 2005) (internal footnotes and citations omitted).

Here, Plaintiff has adequately alleged waiver. The January 13, 2009 letter from Defendant (D.I. 14 Ex. M), which advises Plaintiff of the three-year statutory limitations period but not of the shorter, two-year contractual limitations period may reasonably be viewed as expressing a knowing willingness to refrain from enforcing contractual rights. A second letter, dated February 8, 2010, states that Defendant will "reopen" Plaintiff's claim for further examination. (D.I. 14 Ex. O) Again, this letter – coming after the expiration of the contractual limitations period – may likewise be reasonably viewed as expressing a knowing willingness to

refrain from enforcing the contractual limitations period.[2] The Court cannot say that it is

unreasonable to believe that discovery will yield evidence to support Plaintiff's contention.

## IV.  CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant's

motion to dismiss (D.I. 15) is DENIED.

UNITED STATES DISTRICT JUDGE

---

[2]Of course, these are not the only (or even the most likely) inferences that could be drawn.
Nor is the Court holding that a contrary inference would be unreasonable.

7